JUDGE BRODERICK

**15 CV 2877**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

LOM YANG,

                    Plaintiff,

     -against-

THE CITY OF NEW YORK, P.O. MICHAEL DELWEY, Shield No. 23949, Individually and in his Official Capacity, P.O. MICHAEL SARRO, No. 279, Individually and in his Official Capacity, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                    Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**



      Plaintiff LOM YANG, by his attorney, Robert W. Georges, Esq., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

     1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

     2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

     3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which all the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff LOM YANG is an Asian American male, and at all relevant times a resident of the City and State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned P.O. MICHAEL DELWEY, P.O. MICHAEL SARRO and P.O.s JOHN DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about March 17, 2014, at approximately 6:20 p.m., plaintiff LOM YANG was lawfully present in the vicinity of the intersection of Third Avenue and East 14th Street, in the County of Manhattan and State of New York.

14. At the aforementioned date and time, plaintiff, who was by himself, observed a male and a female in an argument.

15. Plaintiff then observed the male individual in handcuffs and defendant police officers slamming the male individual against a parked car.

16. Plaintiff then heard the male individual ask if he was being arrested; and he heard defendant police officers respond: no.

17. Plaintiff then heard the male individual ask if he was being detained; and he heard defendant police officers again respond: no.

18. Plaintiff then observed defendant police officers putting their hands in the male individual's pockets and searching his person.

19. Plaintiff then observed the female individual approach one of the defendant police officers and say in substance that the male individual was not doing anything wrong.

20. Plaintiff then observed the defendant police officer shove the female individual causing her to fall to the ground.

21. Plaintiff then walked up to one of the defendant police officers and asked if he could have the defendant officer's name and badge number.

22. Defendant police officer responded that plaintiff could have the information, however, when plaintiff took out his phone to take down the badge number, defendant police officer shoved plaintiff in the chest causing him to fall backwards.

23. Plaintiff was then grabbed by defendant police officers and thrown against a parked car as the defendant officers yelled: stop resisting, stop resisting.

24. Defendant police officers then grabbed the food plaintiff was holding in his hand and violently threw plaintiff to the ground face first causing his face and head to strike the ground. As a result, plaintiff sustained substantial bleeding from his face and forehead and bruising to his right hand.

25. Notwithstanding that plaintiff had not committed an unlawful act, the defendant officers processed plaintiff's arrest and charged him with Obstructing Governmental Administration in the Second Degree in violation of Penal Law §195.05, Resisting Arrest in violation of Penal Law§205.30, and two counts of Disorderly Conduct in violation of Penal Law §240.20.

26. At the precinct, defendants searched plaintiff and did not recover any drugs, weapons or contraband.

27. At no time on March 17, 2014 did the defendants possess the requisite level of probable cause to justify arresting plaintiff.

28. As a result of defendants' excessive force, plaintiff required medical treatment at a local hospital before he appeared in Manhattan Criminal Court for medical treatment on his face, head and right hand.

29. As a result of his unlawful arrest, plaintiff LOM YANG spent approximately twenty-four (24) hours in jail before the plaintiff was released following his Criminal Court arraignment.

30. Plaintiff was then forced to make more than one court appearance before the District Attorney's Office moved to dismiss and seal all of the charges against plaintiff on June 26, 2014.

31. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

39. The level of force employed by defendants was objectively unreasonable and in violation plaintiff's constitutional rights.

40. As a result of defendants' unlawful actions, plaintiff LOM YANG was subjected to excessive force and sustained physical injuries including cuts and bleeding to his face and head and pain and suffering to his right hand, as well as severe emotional distress, humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above paragraphs numbered with the same force and effect as if fully set forth herein.

42. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

43. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

44. Plaintiff LOM YANG repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

45. Defendants misrepresented and falsified evidence before the District Attorney.

46. Defendants did not make a complete and full statement of facts to the District Attorney.

47. Defendants withheld exculpatory evidence from the District Attorney.

48. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff LOM YANG.

49. Defendants lacked probable cause to initiate criminal proceedings against plaintiff LOM YANG.

50. Defendants acted with malice in initiating criminal proceedings against plaintiff LOM YANG.

51. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff LOM YANG.

52. Defendants lacked probable cause to continue criminal proceedings against plaintiff LOM YANG.

53. Defendants acted with malice in continuing criminal proceedings against plaintiff LOM YANG.

54. Defendants misrepresented and falsified evidence throughout all phases of the

criminal proceedings.

55. Specifically, defendants falsely alleged that plaintiff LOM YANG gave false biographical information to a police officer.

56. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff LOM YANG favor on or about June 26, 2014, when all of the charges against plaintiff were dismissed.

57. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FIFTH CLAIM FOR RELIEF DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

59. Defendants created false evidence against plaintiff.

60. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

61. Defendants misled the prosecutors by creating false evidence against plaintiff and thereafter providing false testimony throughout the criminal proceedings.

62. Specifically, defendants falsely alleged that plaintiff LOM YANG intentionally interfered with an official police operation, resisted arrest and acted disorderly.

63. In creating false evidence against plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

64. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

66. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

   ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

72. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff LOM YANG'S constitutional rights.

73. The acts complained of deprived plaintiff of his rights:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unlawful search;

   D. Not to have summary punishment imposed upon him; and

   E. To receive equal protection under the law.

74. By reason of the aforesaid conduct by defendants, plaintiff LOM YANG requests the following relief:

   (a). compensatory damages;

   (b). punitive damages;

   (c). an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

   (d). any further relief as the Court may find just and proper.

75. **WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   (a). an order awarding compensatory damages in an amount to be determined at trial;

(b). an order awarding punitive damages in an amount to be determined at trial;

(c). reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

(d). directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
April 1, 2015

BY: _____
**ROBERT W. GEORGES, ESQ.**
Attorney for Plaintiff
The Woolworth Building
233 Broadway, Suite 1800
New York, N.Y. 10279
Tel (212) 710-5166
Fax (212) 710-5162
rgeorges@georgesesq.com

| INDEX NO. | YEAR |
|---|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOM YANG,

                                        Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. MICHAEL
DELWEY, Shield No. 23949, Individually and
in his Official Capacity, P.O. MICHAEL SARRO,
Shield No. 279, and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities,
(the name John Doe being fictitious, as the
true names are presently unknown),

                                        Defendants.

## SUMMONS AND COMPLAINT

### THE LAW OFFICE OF ROBERT W. GEORGES, ESQ

*Attorney for* Plaintiff
*Office and Post Office Address, Telephone*
233 Broadway – Suite 1800
New York, New York 10279
(212) 710-5166

Signature (Rule 130-1.1a)

_____

Print Name Beneath

To
Attorney(s) for Defendants

Service of a copy of the within is hereby admitted.          Dated

_____

Attorney(s) for

_____

PLEASE TAKE NOTICE

Q    NOTICE OF ENTRY

       that the within is a (certified) true copy of a
       duly entered in the office of the clerk of the within named court on          20

Q    NOTICE OF SETTLEMENT

       that an order                                      of which the within is a true copy
       will be presented for settlement to the HON.          one of the judges of the
       within named Court, at
       on                    20                 at